**Charles Wesley JOHNSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16018.**

United States Court of Appeals
Fifth Circuit.
June 28, 1956.

---

Chas. W. Johnson, in pro. per.

E. David Rosen, Asst. U. S. Atty., James L. Guilmartin, U. S. Atty. for the Southern Dist. of Florida, Richard R. Booth, Asst. U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from an order [1] denying, upon the considerations and for the reasons stated in it, his motion under Rule 35, Rules of Criminal Procedure, for reduction of sentence, petitioner is here urging upon us that the district judge was wrong in thinking and holding that the motion must be denied as not timely filed, and, therefore, in entering the order appealed from.

Here upon one specification of error,[2] the appellant urges upon us that when, as here, a conviction is affirmed by a Court of Appeals and an application is made to the Supreme Court for a writ of certiorari, though the mandate of this court was not stayed but went down, the sixty day time limit within which the district court may reduce the sentence as a matter of grace, does not commence

1. "The above named defendant on Feb. 5, 1956, applied to me, under Rule 35, Rules of Criminal Procedure [18 U.S. C.A.], for an order to reduce his sentence and contends that his application for reduction of his sentence comes 'within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari'.

"It appears from the evidence presented by the defendant that the petition for writ of certiorari was docketed as No. 247, Misc., Oct. Term, 1953; that a certified copy of the order denying certiorari in this case [347 U.S. 938, 74 S. Ct. 632, 98 L.Ed. 1087], was issued to the United States Court of Appeals for the Fifth Circuit on April 7, 1954, and was received by the Clerk of the Court of Appeals of the Fifth Circuit on April 9, 1954; a copy of the order of the Supreme Court denying certiorari was never filed nor received by the Clerk of the United States District Court for the Southern District of Florida at Miami,

Florida; I did not know that the defendant had applied for a writ of certiorari, or that the Supreme Court had denied the petition for a writ of certiorari until Feb. 15, 1956.

"The defendant contends that I have 60 days after the filing of the order denying the petition for certiorari with the Clerk of the United States District Court for the Southern District of Florida, or within sixty days after the date I received notice of the order denying the petition for writ of certiorari within which to reduce his sentence.

"I do not believe such to have been the intention of Rule 35 and for this reason I hereby deny defendant's motion to reduce his sentence, and

"It Is So Ordered."

2. The court erred in holding that the time for reducing sentence as a matter of grace under the provisions of Rule 35, Federal Rules of Criminal Procedure, had expired as of Feb. 5, 1956.

to run unless and until the district court receives notice of an order of the Supreme Court denying certiorari.

To sustain this argument here, he must, and does in effect, contend that the sixty days "after receipt of an order of the Supreme Court denying application for a writ of certiorari" had not commenced to run in his case when he filed his petition for reduction, indeed did not commence to run until the district judge was advised by his petition that the writ had been denied.

The United States points: to Rule 34 of the United States Supreme Court, 28 U.S.C.A., in effect at the time appellant made his application for writ of certiorari, requiring the clerk of that court to forthwith notify the court below and counsel of record; to the fact that in this case the court below was the Court of Appeals from whose order the petition for certiorari was taken; and to the fact that both this court and the petitioner were forthwith notified of the refusal of the writ.

So pointing, it urges upon us that the mandate having gone down and the district court having become thereby reinvested with jurisdiction of the cause, the sixty day period for reduction of sentence commenced to run on Dec. 11, 1953, the day of the receipt of this court's mandate, and that the only effect of the petition for certiorari was to afford the petitioner an additional sixty days from April 5, 1954, when the writ was denied, to apply under the rule for a reduction of his sentence.

■■■ We do not agree with the appellee that the petition for certiorari without a stay of mandate prevented the petitioner from applying to the district judge for a reduction of his sentence within the sixty days from the receipt of the mandate, for which the rule provides. We do agree with it, however; that, in the circumstances of this case, the mandate having already gone down, it was not necessary that either the Supreme Court or the Court of Appeals notify the district court of the denial of certiorari; that, within sixty days after notice of denial of the writ had been given to those provided for in the rule, petitioner had the right to apply and that it was incumbent upon him to make his application for the reduction within that time.

The slightest reflection upon the purpose and intent of the rule [3] to extend the time within which a sentence may be reduced by providing three sixty day periods after the judgment has become final in the trial court: (1) after the sentence is imposed; (2) after receipt by the district court of the mandate of the Court of Appeals; and (3) within sixty days after an order denying an application for writ of certiorari; shows, we think, that appellant's claim is without substance.

In a case where the applicant for certiorari obtains a stay of the mandate, the mandate will, of course, go down after receipt from the Supreme Court of the order denying the writ and the two sixty day periods provided for, one after receipt of mandate, the other after the denial of a writ of certiorari, while not precisely, will be substantially the same.

In this case, however, because the mandate was not stayed, the two sixty day periods will be separate and distinct, one beginning upon receipt of the mandate, the other upon receipt of notice to the defendant of the order denying the writ.

Petitioner's claim is without merit. The order was right, and it is affirmed.

---

3. "Rule 35. Correction or Reduction of Sentence.

"The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."