Frank Leslie DODGE, Petitioner,

v.

James V. BENNETT et al., Respondents.

Misc. No. 114.

United States Court of Appeals
First Circuit.

Aug. 5, 1964.

Frank Leslie Dodge, pro se, on his application.

Before WOODBURY, Chief Judge, and HARTIGAN, Circuit Judge.

WOODBURY, Chief Judge.

Frank Leslie Dodge was sentenced under Title 18 U.S.C. § 4208(a)(2) in the United States District Court for the District of Maine on November 1, 1962, on his plea of guilty to the interstate transportation of forged securities in violation of Title 18 U.S.C. § 2314. On November 13, 1962, he was received at the federal penitentiary at Lewisburg, Pennsylvania, and on December 19, about five weeks later, he wrote a letter to the sentencing court asking for reduction of sentence under Criminal Rule 35. For some unexplained reason his letter was held by the penitentiary authorities so long that it was not mailed in time to be received by the court to which it was addressed until January 7, 1963, after the expiration of the sixty days allowed for such motions by the Rule. On the date of receipt, or soon thereafter, the court denied the motion for lack of jurisdiction because it was received and filed out of time. In view of Fallen v. United States, decided by the Supreme Court of the United States on June 22, 1964, 84 S.Ct. 1689, we think this was error.

The instant proceeding began some eighteen months after denial of the motion for reduction of sentence with the filing by Dodge, who is now in the Federal Correctional Institution at Danbury, Connecticut, in the sentencing court on June 10, 1964, of a "Motion To Show Cause" directed against James V. Bennett, Director of the Bureau of Prisons, "for the purpose that this Honorable U. S. District Court determine whether said respondent is within his jurisdiction to delay the normal service of the U. S. MAILS out-bound from the U. S. Penal Institutions under his supervision and

control." The motion was accompanied by an affidavit of poverty in accordance with Title 28 U.S.C. § 1915. On June 12, 1964, the court entered an order granting Dodge leave to proceed *in forma pauperis* on his motion but denying it for lack of jurisdiction. However, in the order the court recited that, to avoid possible prejudice resulting from the delay of the prison authorities in mailing what otherwise would have been a timely request for reduction of sentence under Criminal Rule 35, it had "again" reviewed the transcript of the proceedings at the sentencing, the pre-sentence report and the entire file and from such review was satisfied that nothing appeared to justify a reduction of Dodge's sentence even if his application had been received in time. Wherefore the court concluded that it would not reduce sentence, even if it "presently had jurisdiction to do so."

■ Dodge filed timely notice of appeal from this order with an application to prosecute his appeal *in forma pauperis* and affidavit of poverty in compliance with § 1915, supra. The court denied the application certifying that it was not taken in good faith for the reason that in the court's opinion no substantial question would be presented for decision on appeal. Now Dodge has applied to this court for leave to prosecute his appeal *in forma pauperis*, with a suitable affidavit, which we have power to grant under Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

■ While it seems clear in the light of Fallen v. United States, supra, that the court below was wrong in holding that it had no jurisdiction to consider Dodge's motion under Criminal Rule 35 for reduction of sentence because it was not filed in time, that error does not establish the jurisdiction of the court below to hale Bennett before it on a motion to show cause. The error of the court below could have been corrected on appeal, but we do not see how it can be corrected in the present proceeding for lack of jurisdiction.

■ Moreover, although the court below was wrong in holding that it had no jurisdiction over Dodge's Rule 35 motion, it has nevertheless considered that motion on its merits and decided it adversely to Dodge. The court's decision on the motion is, of course, discretionary. As such it could only be reversed by this court for abuse of discretion which would be hard to find in any case, let alone in this one where no abuse of discretion appears or is even suggested.

An order will be entered denying leave to prosecute this appeal in forma pauperis.