**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Henry BRYAN, Defendant-Appellant.**

**No. 74-1347
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1974.

Rehearing Denied Sept. 4, 1974.

Richard Henry Bryan, pro se.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Bryan and his codefendant Ballard were tried and convicted of armed robbery of a federally insured bank. We affirmed their convictions. United States v. Ballard, 5 Cir. 1970, 423 F.2d 127. The mandate from this court issued on April 9, 1970, and was filed in the district court on April 10, 1970. On December 9, 1972, Bryan filed his first motion for modification of his sentence, which the district court denied for want of jurisdiction since the motion had not been filed within 120 days of receipt of the mandate of affirmance as required by Rule 35, F.R.Crim.P. On December 5, 1973, Bryan wrote the sentencing judge a letter again requesting modification. Treating the letter as a petition for reduction of sentence pursuant to Rule 35, the court again denied relief for want of jurisdiction, and Bryan appealed. We affirm.

Bryan seeks to have his sentence modified pursuant to 18 U.S.C.A. § 4208(a)(2). This would make him eligible for parole at such time as the board of parole may determine. Such a modification would make the sentence less onerous, since he would otherwise be eligible for parole only after serving one-third of his twenty-two year sentence. 18 U.S.C.A. § 4202.

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Rule 35 provides in pertinent part:

The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment . . . .

Bryan argues that the 120 day time limit should not be applied, since he is not asking for a reduction of the sentence but rather a modification to make him eligible for parole sooner. We agree, as did the district court, with Chief Judge Keady's analysis in Banks v. United States, N.D.Miss.1973, 365 F. Supp. 594. In that case Banks made the same argument Bryan makes here, but Chief Judge Keady held that "the alteration of a sentence to include the provisions of 18 U.S.C.A. § 4208(a)(2) is in effect a reduction in sentence," so that the sentencing court is without jurisdiction to make the modification more than 120 days after the receipt of the mandate of affirmance. *See also* United States v. Granville, 5 Cir. 1972, 456 F.2d 1073; United States v. Gorman, 5 Cir. 1970, 431 F.2d 632; United States v. Mehrtens, 5 Cir. 1974, 494 F.2d 1172.

Affirmed.