**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank A. FLORES,
Defendant-Appellant.**

**No. 74–3261
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1975.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Frank A. Flores, pro se.

Frank D. McCown, U. S. Atty., Andrew Barr, W. E. Smith, Asst. U. S. Attys., Fort Worth, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant here attempts to appeal from an order of the district court dated July 26, 1974. This order denied appellant's motion for rehearing of an earlier order denying his motion for reduction or modification of sentence pursuant to Fed.R.Crim.P. 35. Appellant was sentenced on September 21, 1973. On November 13, 1973 he filed, through his attorney, a timely motion to reduce or modify sentence, which the district court denied on November 15, 1973. Appellant did not appeal this order. Instead, on March 14, 1974 he filed a pro se letter motion asking the district court to reduce or modify sentence. This motion was denied the day it was filed. A later motion for "rehearing" of the November 15 and March 14 orders was likewise filed and denied on July 26, 1974. It is from this July 26 order that appellant now seeks to appeal. The district court, however, lost all jurisdiction to modify appellant's sentence 120 days after the original sentencing. Fed.R. Crim.P. 35; 8A Moore, Federal Practice ¶ 35.02[2]. Thus, since the district court had no jurisdiction to grant the requested relief, we have no jurisdiction of this appeal.[1] United States v. Bryan, 5 Cir. 1974, 498 F.2d 366; United States v. Granville, 5 Cir. 1972, 456 F.2d 1073; United States v. Gorman, 5 Cir. 1970, 431 F.2d 632.

Appeal dismissed.

---

1. Appellee argues that because appellant's notice of appeal was filed on August 9, 1974 without allegations of excusable neglect, we lack jurisdiction of this appeal under Fed.R. App.P. 4(b). We note, however, that appellant's notice was dated July 31, 1974, well within the time for appealing the July 26 order. Because we find the Rule 35 issue dispositive, we need not pass on whether appellant's notice of appeal was timely under Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760. *Compare* United States v. Mehrtens, 5 Cir. 1974, 494 F.2d 1172, 1176, *with* United States v. Grimes, 5 Cir. 1970, 426 F.2d 706, 707.