**UNITED STATES of America, Plaintiff,**

v.

**Robert J. OURSO, Jr., M.D., Defendant.**

**Crim. A. No. 75–451.**

United States District Court,
E. D. Louisiana.

June 11, 1976.

Ronald A. Fonseca, Metairie, La., for the Government.

Arthur A. Lemann, III, Anthony A. Dingleman, New Orleans, La., for defendant.

ALVIN B. RUBIN, District Judge:

A motion to reduce sentence in this case was made within 120 days after sentence was imposed, but after the defendant had begun to serve his sentence.

Rule 35, Federal Rules of Criminal Procedure, reads in part:

The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of

the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.

Due to the pressure of trials, and the court's desire to have the probation officer obtain additional information for the court's consideration, the motion was not acted on within the statutory period of 120 days. Before considering the merits of the motion,[1] the court must determine whether it has the authority to rule on the motion at this time.

## I.

■ In terms, the rule does not limit the court's power to reduce sentence to cases where the defendant has not yet begun to serve the sentence. Nor, in terms, does it permit or forbid reduction by the court after 120 days has elapsed regardless of when a motion to reduce was filed. And yet these issues have been the subject of considerable unresolved controversy. For reasons that follow, I conclude that the rule permits the court to consider a reduction in sentence that a defendant has begun to serve, and that the court may act after 120 days has elapsed provided a motion to reduce was filed within that time and considered with reasonable promptness by the court thereafter. This reading of the rule depends upon principle and authority.

The Supreme Court considered the issue of a change in a sentence that the defendant had begun serving in *Affronti v. United States,* 1955, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62. The defendant had begun to serve one sentence; he then filed a motion to suspend other consecutive sentences. The motion was denied on the basis that a district court has no power to suspend a

sentence after the defendant has begun to serve a cumulative sentence composed of two or more consecutive sentences. In an opinion dealing solely with the power of the court to suspend a sentence and release a convict on probation, and without referring to Rule 35, the Supreme Court affirmed. The court apparently viewed the situation as not governed by Rule 35, which refers only to reduction of sentences. Its rationale was that there would be a conflict with the Probation Act if a district court could "place a convict on probation after he had begun the execution of his sentence." Reliance was placed on a case, decided before Rule 35 was adopted, *United States v. Murray,* 1927, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309.

The Court in *Murray* held that the Probation Act did not give courts power to grant probation as a matter of judicial clemency after the beginning of the service of sentence. It emphasized that unlimited power to grant probation "would confer very comprehensive power on the district judges in the exercise of what is very like that of executive clemency . . . ." Rule 35, of course, places a time limit on the courts' power to grant probation. *Murray* was decided before the adoption of Rule 35; *Affronti* was decided after Rule 35 was adopted in 1946. In spite of its misplaced reliance on *Murray, Affronti* seems to control the situation where probation is being sought. Contra, *United States v. Golphin,* W.D.Pa.1973, 362 F.Supp. 698.[2] Compare *Zaffarano v. Blackwell,* 5th Cir. 1967, 383 F.2d 719, 722.

There is a difference between a reduction in sentence and a suspended sentence or probation. The distinction is drawn in *United States v. Ellenbogen,* 2d Cir. 1968, 390 F.2d 537, as follows:

1. This case concerns the limits of the power of a court to reduce sentence as an exercise of clemency. Rule 35 permits correction of an illegal sentence at any time.

2. In that case, which failed to cite *Affronti,* the court emphasized that "the doctrine of Murray, decided in 1928, necessarily underwent modification when Rule 35 . . . took effect in

1946 and was reconfirmed in 1966". 362 F.Supp. at 699. With the advent of Rule 35, the power to reduce sentences was established and, the court in *Golphin* reasoned further: "To grant probation in lieu of imprisonment is hence obviously a reduction of the sentence. To hold otherwise would be to exalt distinction without a difference". 362 F.Supp. at 699.

The power to reduce is an inherent power of the court and is one aspect of the control which a court retains over a judgment which it has entered. . . . Originally that power was held to expire at the end of the term of court at which the sentence was imposed. . . . But since the adoption of the Federal Rules of Criminal Procedure in 1946, and the abrogation of any effect of the expiration of term of court, see Rule 45(c), the provisions of Rule 35 have governed the expiration of the power to reduce sentences in the federal system.

But a federal court has no inherent power to suspend the execution of a sentence which it has imposed or to place the defendant on probation. When this was first announced by the Supreme Court in 1916 in the case of *Ex Parte United States,* 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916), an abrupt halt was brought to a practice which, by then, had become widespread in the federal system, and which had existed for more than 70 years in this Circuit, . . . whereby the district courts exercised a form of probationary power either by suspending sentence or by withholding imposition of sentence and placing a defendant under the supervision of a state probation officer or volunteer. . . .

In contrast to this, the motion to reduce sentence, under Rule 35, is founded upon the assumption that a certain amount of time has passed between the imposition of the sentence and the time when the court's power to reduce or correct it is sought to be invoked by the convicted defendant. The motion to reduce a sentence is "essentially a plea for leniency," *Poole v. United States,* 102 U.S.App.D.C. 71, 250 F.2d 396, 401 (1957); 8 Moore's Federal Practice ¶ 35.02[1] at 35–2.2–35.3 (1967). Rule 35 is intended to give every convicted defendant a second round before the sentencing judge, and at the same time, it affords the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim. See 5 Orfield, supra, § 35:4 at 466 n.3. In this regard it is not without significance that Congress has never specifically provided a similar "second chance" for probation under the provisions of the Probation Act.

The same distinction is drawn in *United States v. Robinson,* D.Del., 344 F.Supp. 956, 958.

If the court could not reduce a sentence that the defendant had begun to serve, the time of his confinement would be immaterial. One day in the custody of the Attorney General would preclude relief as effectively as one hundred. If that were so, then a defendant who began to serve his sentence the day the court announced it could never obtain any review. Thus the "second chance" contemplated by Rule 35 would be completely denied him; that result would negate the purpose of the rule. Hence I conclude that the Court has power to review the sentence.

## II.

But there is a second legal problem posed by this case: The 120 day time limit set by Rule 35. This appears to refer to the time within which the court may act. Professor Robert Cipes, as author of Volume 8A, Moore's Federal Practice, ¶ 35.02[2] observes:

[T]he period is not defined as the time within which the motion may be made, but is rather the time within which the *court may act.* Technically, this permits the court's failure to act upon a motion, to preclude relief. The present language of the Rule is satisfactory as a limitation upon the court's power to act sua sponte, but it should be rephrased to permit the court to act upon a motion of defendant as long as it is made within the same period. Despite the deficiency in the Rule, however, it appears that the latter interpretation is followed by most courts, and acquiesced in by most prosecutors, as a matter of salutary practice.

In a footnote he adds:

With the additional sixty days now allowed for the court to act upon the motion, it will hopefully no longer be necessary to stretch the language of the Rule in this way.

However, the 1975 supplement reflects no later thoughts on the subject. See also Wright, Federal Practice and Procedure, Criminal, Vol. 2 § 587.[3]

The question was recently and fully considered in *United States v. Stollings,* 4th Cir. 1975, 516 F.2d 1287, where the motion was filed on the 119th day. The court held it had authority to grant the motion, saying:

> The question is whether the district court loses jurisdiction to act upon a motion for reduction of a sentence under Rule 35, Fed.R.Crim.P., at the expiration of the applicable 120 day period, though a motion for such reduction had been filed within that time period. We hold that jurisdiction is not lost under such circumstances, at least for so long as the judge reasonably needs time to consider and act upon the motion.

Accord, *United States v. Janiec,* 3 Cir. 1975, 505 F.2d 983, 985, cert. denied, 420 U.S. 948, 95 S.Ct. 1331, 43 L.Ed.2d 427; *United States v. Polizzi,* 9 Cir. 1974, 500 F.2d 856, cert. denied, 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820; *Layvas v. United States,* 9 Cir. 1967, 371 F.2d 714.

The court in *Stollings* reasoned that it would be unreasonable and inconsistent with the purpose of the rule to interpret the time limit rigidly:

> The time limitation appears to have as its dual purpose the protection of the district court from continuing and successive importunities and to assure that the district court's power to reduce a sentence will not be misused as a substitute for the consideration of parole by the Parole Board. We need not speculate, however, that a judge would hold a time-

ly motion for reduction of sentence in abeyance and unacted upon for months or years and then seek to grant it on the basis of the defendant's conduct in prison.

This interpretation of the rule is persuasive.

## III.

■ For these reasons, the court may consider the merits of the motion.

When the court imposed sentence, it considered it important that the defendant receive psychiatric evaluation. Its reasons for sentencing have been filed in the record, but a copy of them is attached. The defendant was committed to the medical facility at Springfield, Missouri in the hope that he would receive psychiatric assistance there. In fact, personal psychiatric assistance is not available to him.

It appears that all the purposes of sentencing originally outlined by the Court can be accomplished by a shorter sentence and that the defendant is entitled to some reduction in the total sentence. Accordingly, the sentence is reduced to a total period of one year, imposed on Count III, under Title 18 U.S.Code § 4208(a)(2). A like sentence is imposed on Counts I and II and Counts IV through IX, to run concurrently with the sentence imposed on Count III.

Each of the sentences is subject to a special parole of two years provided by law.

---

**3.** "Literally read, the time limits then would apply to the order of the court reducing sentence and the court could not act after the time had gone by even though a prompt motion had been made. Fortunately the courts have avoided so singular a result and have interpreted the time period as related to the filing of a motion for reduction of sentence." [Citations omitted].