**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Santiago Mario MENDOZA, Defendant-Appellant.**

**No. 77–1464.**

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1978.

Rehearing Granted March 9, 1978.

Albert Pena, Corpus Christi, Tex. (Court appointed), for defendant-appellant.

John L. Hill, Atty. Gen., Austin, Tex., James R. Gough, U. S. Atty., George A. Kelt, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG and MORGAN, Circuit Judges, and WYZANSKI *, District Judge.

GOLDBERG, Circuit Judge:

The sole question presented by this appeal is whether a district court always loses jurisdiction to act upon a motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure at the expiration of the 120 day period provided by the rule. The issue is at the same time both intriguing and troubling, in part because, as the able Assistant United States Attorney candidly remarked at oral argument, the words of the statute are so clearly in the government's favor, yet there are so many cases supporting the defendant's position. We agree with the rationale of those cases rejecting a literal reading of the

* Senior District Judge of the District of Massachusetts, sitting by designation.

rule and hold that when a Rule 35 motion is filed sufficiently early in the 120 day period to provide a reasonable opportunity for the court to consider and rule upon the motion within 120 days, the failure or inability of the trial judge to act on the motion within that period does not divest the trial judge of jurisdiction. Jurisdiction is retained for so long as the judge reasonably needs time to consider and act upon the motion.

## I. Factual Background

The defendant was convicted of possessing marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), and was sentenced to three years imprisonment, with a special parole term of three years. We affirmed the conviction in an unpublished opinion, our mandate issuing on September 7, 1976. Fifty days later, on October 27, 1976, the defendant filed a Rule 35 motion for reduction of sentence.

Rule 35 provides in pertinent part:

The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal
. . . .

Defendant's motion was filed on the 50th day of the 120 day period initiated by the issuance of our mandate affirming his conviction, well within the time in which the trial court may act under the rule. Due to a combination of factors beyond the defendant's control, including a delay in the receipt of the United States Probation Office's report and a particularly heavy trial schedule, the trial court failed to act on the motion within the 120 day period. After considering the rule and the case law, the trial court concluded that because the 120 day period had expired, it lacked jurisdiction to pass on the defendant's motion.

The court recognized the obvious injustice to the defendant of this result and even noted that if it had had jurisdiction to act on the motion, it would have granted a reduction in sentence. The defendant now appeals.

## II. A (Purported) Defense of Literalism

The language of the rule does not, except by necessary implication, deal with the time within which a defendant must file for a reduction of sentence. Instead, it specifically refers to the time within which the district court may *act*: "The court may reduce a sentence within 120 days . . ." This reading is reinforced by Rule 45(b), which provides that the district court may not enlarge the period for action on a motion under certain specified rules, including Rule 35. For this reason, the time limitation is often referred to as jurisdictional, and this Circuit has held that a district court does not have jurisdiction to modify a sentence when the Rule 35 *motion* is filed after 120 days have elapsed, *United States v. Flores*, 507 F.2d 229 (5th Cir. 1975); *United States v. Bryan*, 498 F.2d 366 (5th Cir. 1974); *United States v. Granville*, 456 F.2d 1073 (5th Cir. 1972), at least barring special circumstances, *cf. United States v. Mehrtens*, 494 F.2d 1172, 1176 (5th Cir.), *cert. denied*, 419 U.S. 900, 95 S.Ct. 182, 42 L.Ed.2d 145 (1974). The 1966 amendment to Rule 35, which increased the relevant time period from 60 to 120 days, was accompanied by an Advisory Committee Note which also suggests that the 120 day period was intended as a limit upon the time within which the court may act.[1]

Given the apparently clear language of the rule, it is understandable that the district judge would conclude that he lacked jurisdiction to act upon defendant's motion. Indeed, the Supreme Court has held that

---

1. Professor Wright quotes from the Advisory Committee's Note:

The second sentence has been amended to increase the time within which the court may act from 60 days to 120 days. The 60-day period is frequently too short to enable the defendant to obtain and file the evidence, information and argument to support a reduction in sentence. Especially where a defendant has been committed to an institution at a distance from the sentencing court, the delays involved in institutional mail inspection procedures and the time required to contact relatives, friends and counsel *may result in the 60-day period passing before the court is able to consider the case.*

2 C. Wright, Federal Practice and Procedure § 587 at 572 (1969) (emphasis supplied).

there are limits to the requirements of strict construction of penal statutes when there is no ambiguity or uncertainty in the language or structure of the statute. *Huddleston v. United States*, 415 U.S. 814, 831, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974). In the instant case the language of the rule appears to be neither ambiguous nor uncertain in restricting the trial judge's power to act beyond the 120 day period.

### III. The literal language revisited—Does the rule mean what it says?

Despite the seemingly dispositive language of the rule, every circuit court which has examined Rule 35 in circumstances similar to those at bar has concluded that when a motion is filed within the 120-day period, jurisdiction extends beyond 120 days in order to allow the trial judge a reasonable time to act on the motion. *United States v. Stollings*, 516 F.2d 1287 (4th Cir. 1975); *United States v. United States District Court*, 509 F.2d 1352 (9th Cir.), *cert. denied*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975); *United States v. Janiec*, 505 F.2d 983 (3d Cir. 1974), *cert. denied*, 420 U.S. 948, 95 S.Ct. 1332, 43 L.Ed.2d 427 (1975); *United States v. Polizzi*, 500 F.2d 856, 896 n. 73 (9th Cir. 1974), *cert. denied*, 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975); *Leyvas v. United States*, 371 F.2d 714 (9th Cir. 1967); *Dodge v. Bennett*, 335 F.2d 657 (1st Cir. 1964). Closer to home, then district judge Alvin B. Rubin in *United States v. Ourso*, 417 F.Supp. 113 (E.D.La.1976), followed these decisions in concluding that it would be unreasonable and inconsistent with the purpose of the rule to interpret the time

limit rigidly. The commentators have generally agreed with this interpretation. 2 C. Wright, Federal Practice and Procedure: Criminal § 587, at 573 (1969); 8A J. Moore, Federal Practice 35.02(2), at 35–36. The issue, however, has not yet been decided by this Circuit.

We begin our own inquiry by examining cases in which the Supreme Court was faced with statutes or rules which, if read literally, would have produced unreasonable and unjust results. We do so cognizant of the fact that the parameters of this area of the law are neither consistent nor symmetrical. *E. g., compare Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), *with Berman v. United States*, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964).

In the celebrated *Holy Trinity Church* case, *Rector of Holy Trinity Church v. United States*, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226 (1892), the Supreme Court held that if a literal construction of the words of a statute would lead to an absurd, unjust, or unintended result, the statute must be construed so as to avoid that result. *Id.* at 461, 12 S.Ct. 511. The church had made a contract with an English pastor, pursuant to which the pastor sailed to the United States and entered into service for the church. The United States sued the church for penalties prescribed by an alien labor law. The Court conceded that the contract was within the literal language of the statute which barred the importation of alien labor, yet concluded that Congress could not have intended the absurd result of prohibiting a church from hiring an English pastor.[2]

---

**2.** As the Court remarked:

All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language which would avoid results of this character. The reason of the law in such cases should prevail over its letter. The common sense of man approves the judgment mentioned by Puffendorf, that the Bolognian law which enacted 'that whoever drew blood in the streets should be punished with the utmost severity,' did not extend to the surgeon who opened the vein of a person that fell

down in the street in a fit. The same common sense accepts the ruling, cited by Plowden, that the statute of 1 Edw. II., which enacts that a prisoner who breaks prison shall be guilty of felony, does not extend to a prisoner who breaks out when the prison is on fire, 'for he is not to be hanged because he would not stay to be burnt.'

143 U.S. at 461, 12 S.Ct. at 512, *quoting United States v. Kirby*, 7 Wall. 482, 486, 19 L.Ed. 278 (1869). And while the common sense of man may have changed with regard to the therapeutic value of bleeding, that same common sense rebels against allowing the defendant to burn because the government is hung up on the literal reading of the statute.

The principles enunciated in the *Holy Trinity Church* case have evinced continued vitality in the Supreme Court's jurisprudence. In *Perry v. Commerce Loan Co.*, 383 U.S. 392, 86 S.Ct. 852, 15 L.Ed.2d 827 (1966), the Court stated:

> There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one 'plainly at variance with the policy of the legislation as a whole' this Court has followed that purpose, rather than the literal words.

*Id.* at 400, 86 S.Ct. at 857, *quoting United States v. American Trucking Ass'ns*, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940). *Accord, United States v. Shirey*, 359 U.S. 255, 79 S.Ct. 746, 3 L.Ed.2d 789 (1959).

■ These rules of construction are particularly appropriate in interpreting the Federal Rules of Criminal Procedure. The Rules are not, and were not intended to be, a rigid code with an inflexible meaning irrespective of the circumstances. *Fallen v. United States*, 378 U.S. 139, 142, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964). Rule 2 admonishes that "[t]hese rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." As Justice Black remarked in his dissent to the Court's summary affirmance in *Berman v. United States*, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964), "The Criminal Rules were framed with the declared purpose of ensuring that justice not be thwarted by those with too little imagination to see that

procedural rules are not ends in themselves, but simply means to an end: the achievement of equal justice for all. I have no doubt that the disposition of this case would have been very congenial to the climate of Baron Parke's day. I confess, however, that I am uncomfortable with the notion that courts exist to fashion and preserve rules inviolate instead of to apply those rules to do justice to litigants." *Id.* at 538, 84 S.Ct. at 1899.

The situation confronting the Supreme Court in *Fallen v. United States, supra,* was similar to that in the case at bar. There the clerk of the district court received the defendant's notice of appeal a few days after the 10 day period specified in Rule 37(a).[3] The delay was caused by a combination of factors beyond the defendant's control. The defendant became sick immediately after sentencing, and during much of the ten day period he was neither permitted to see visitors nor afforded the opportunity to secure another attorney who might have advised him sooner of the rule's requirements. Perhaps more importantly, mail pickups at the prison occurred only twice a week, and his notice of appeal mailed on a Tuesday was not picked up at the prison until Friday. The Court of Appeals had read Rule 37(a) to mean that, irrespective of the reason for delay, it lost jurisdiction to hear the appeal after the 10 day period expired. The Supreme Court rejected this literal reading of the rule: "Since petitioner did all he could under the circumstances, we decline to read the Rules so rigidly as to bar a determination of his appeal on the merits." 378 U.S. at 144, 84 S.Ct. at 1692.

■ Likewise, we should not follow the literal reading of Rule 35 in the case at bar when the consequences would be so devastatingly and arbitrarily fortuitous. *See United States v. Stollings, supra,* 516 F.2d at 1288. The unmistakable lesson of the Supreme Court's rulings in *Holy Trinity Church, Perry v. Commerce Loan Co.,* and *Fallen v. United States, supra,* is that we need not, indeed must not, slavishly follow

**3.** Rule 37(a) Fed.R.Crim.Pro. provides that "[a]n appeal by a defendant may be taken within 10 days after entry of the judgement or the order appealed from . . .." and that an appeal is taken "by filing with the clerk of the district court a notice of appeal . . .."

the literal language of the rule when that language leads us through the looking glass to an unjust and unreasonable result. Here the defendant filed his motion on the 50th day, leaving more than two months for the district court to consider and rule on his motion within the 120 day period. The lower court's failure to rule on the motion in time was wholly beyond the convicted defendant's control. As the Fourth Circuit remarked in *United States v. Stollings, supra*, 516 F.2d at 1289, when delay flows from the incapacity, absence, or preoccupation of the trial judge, its consequences should not be visited upon the defendant.

■ The drafters of the rule could not have intended the unjust result reached in the proceedings below. Rule 35 was initially adopted to remedy the often arbitrary common law rule that a trial court lost jurisdiction to act upon sentence reduction motions with the rising of the court unless the motion was made before the end of the term in which the sentencing took place. Under this rule, the time within which the motion had to be filed varied greatly depending upon the order in which the cases were tried, and some defendants did not have enough time to prepare and file their motions. *See United States v. Stollings, supra*, 516 F.2d at 1289. Rule 35 represents an attempt to ensure that every defendant has sufficient time to submit his motion and that every motion is fairly considered and decided by the district court.

■ The 120 day time limitation in the rule reflects a different and narrower set of policies. Its most important purpose appears to be the protection of the district court from continuing and successive importunities by the defendant. Of lesser importance, the time limitation assures that the district court cannot hold a timely motion for reduction of sentence in abeyance for months or years and then seek to grant it on the basis of the defendant's conduct in prison. *See Id.* The drafters of the rule apparently intended that any reconsideration of sentences be made within a reasonably short period of time after the original sentence was imposed.

In the vast majority of cases the rule harmonizes these policies. On the one hand, the 120 day period allows ample time

for the defendant to prepare and file his motion and for the trial court then to consider and decide it. At the same time, the rule ensures that the matter will be completely resolved within the specified time period.

■ In this case however, the drafters' failure to fine tune the rule caused these policies to become discordant. More specifically, the means employed to effectuate the secondary policies favoring the speedy determination of the motion frustrated the rule's primary purpose of providing a defendant who files in a timely manner a fair opportunity to have his motion reviewed. This result is plainly at variance with the policy of the rule taken as a whole. *Perry v. Commerce Loan Co., supra*, 383 U.S. at 400, 86 S.Ct. 852. The defendant did all he could under the circumstances, and it would be a gross injustice to read the rule in a manner that punishes him because of the trial judge's inadvertence. *See Fallen, supra*, 378 U.S. at 144, 84 S.Ct. 1689. While we must agree with the government and the district court that the time limitation was intended to be a limitation on the trial judge's power to act, we cannot agree that the result reached below was contemplated or intended. We reiterate that the Federal Rules of Criminal Procedure are not, and were not intended to be, a rigid code with an inflexible meaning irrespective of the circumstances. Timeliness is important to our jurisprudence, but chronometry must not be given absolute dominance over justice, fairness, and common sense. Guided by the wise principles enunciated in *Holy Trinity Church, Perry* and *Fallen, supra*, we hold that Rule 35 should not be read so literally as to foreclose consideration by the district court of the defendant's motion.

### IV. Fine Tuning the Rule to Harmonize Discordant Policies

The prior cases which have considered this issue have all read the 120 day period to be a limitation on filing. *See, e. g., United States v. Stollings, supra*; *United States v. United States District Court, supra*; *Dodge v. Bennett, supra*. According to those courts, when a motion is filed with-

in the stated period, jurisdiction extends beyond that period at least for such reasonable time as may be necessary to pass on the motion.

■ We do not read Rule 35 this broadly. Such an interpretation would protect a defendant who delayed filing his motion until the 119th day after sentencing or affirmance of the conviction, when such a delay would make it impossible for the motion to be decided within the 120 day period contemplated by the rule. While we may depart from a literal interpretation of the rule to prevent injustice and to effectuate its overall purposes, our power is not plenary. We are not free to disregard one of the policies underlying the rule. Rather, we must attempt to interpret the rule in a manner which most closely effectuates all of its policies, including those reflected by the rule's time limitation.

Turning the 120 day period into a limitation on filing would unnecessarily frustrate the drafters' intent that consideration of sentence reduction motions be limited to the 120 days after the sentence is imposed or affirmed on appeal. Instead, we hold that a district court retains jurisdiction beyond the 120 day period to rule on a Rule 35 motion if the motion is filed sufficiently early in that period to provide a reasonable opportunity for the court to consider and rule upon the motion within 120 days.[4] Jurisdiction may be retained beyond the 120 day period only for so long as the district court reasonably needs time to consider and act upon the motion.

This interpretation of Rule 35 reasonably accommodates its otherwise conflicting policies. It encourages the defendant to file his motion expeditiously so that in the great majority of cases the motion will be enter-

tained within the 120 day period as contemplated by the Rule. At the same time, it ensures that the motion will still be considered when, through no fault of the defendant's, the trial court is unable to rule in time. Under our interpretation, the rule will continue to prevent successive motions beyond the 120 day period, and our prohibition of the retention of jurisdiction beyond a reasonably necessary period should prevent the possibility, however remote, of a district court usurping the function of the Parole Board by holding the motion in abeyance pending examination of the defendant's conduct in prison. Our decision does not constitute an invitation to district court judges to procrastinate in deciding Rule 35 motions, and we are confident that judges faithfully will attempt to rule on these motions within the 120 day period as provided for in the Rule.

The only remaining issue is to define the reasonable period for filing. Here the defendant filed his motion 50 days into the limitation period, leaving 70 days for the district court to consider the motion. We have no doubt that this filing was sufficiently timely to provide the court ample opportunity to rule in normal circumstances, and we therefore conclude that the district court should have retained jurisdiction and decided the motion.

■ Ordinarily, we would be loath to say more than that 50 days constituted a timely filing. We recognize, however, that our interpretation of Rule 35 leaves open the possibility of future litigation over what constitutes a reasonable period for filing. Such litigation would merely frustrate further the rule's attempt to ensure speedy determination of sentence reduction motions, without any compensating advan-

---

4. This holding is consistent with our decision in *United States v. Flores, supra,* 507 F.2d 229 (5th Cir. 1975). There the defendant filed motions to reduce sentence six and ten months after the original sentencing. We held that "[t]he district court . . . lost all jurisdiction to modify appellant's sentence 120 days after the original sentencing. . . . Thus, since the district court had no jurisdiction to grant the requested relief, we have no jurisdiction of this appeal." *Id.* at 230. This holding does not stand for the proposition that the

district court always loses jurisdiction after 120 days, only that the court loses jurisdiction after 120 days when no motion is filed within that period. *But cf. United States v. Mehrtens, supra* (raising the possibility that exceptional circumstances contributing to delayed filing of the defendant's motion may necessitate extending the time during which the court retains jurisdiction). Here we are faced with a situation in which the motion was filed within the 120 day period.

tages, for we recognize that within certain limits, any time period that is chosen will be essentially arbitrary. Furthermore, we believe that Rule 35 movants will be much less concerned about the actual period chosen than with having precise notice of the period within which they can file and still be protected by this ruling if the district court fails to decide their motion within 120 days. For these reasons, specification of the period in which motions will be considered timely is warranted. In the exercise of the supervisory powers over the district courts inherent in federal courts of appeals, *see La Buy v. Howes Leather Co.,* 352 U.S. 249, 259–60, 77 S.Ct. 309, 1·L.Ed.2d 290 (1957); *United States v. Chiantese,* 560 F.2d 1244, 1255 (5th Cir. 1977) (en banc); *Newman v. Alabama,* 522 F.2d 71, 72 n. 5 (5th Cir. 1975) (en banc) (Gewin, J., dissenting); *United States v. Bailey,* 480 F.2d 518, 520–21 (5th Cir. 1973) (en banc) (Goldberg, J., concurring in part and dissenting in part), we hold that when a sentence reduction motion is filed on or before the *60th day* after sentencing or affirmance of the conviction on appeal, a district court which fails to rule on the motion within the 120 day period specified in the rule retains jurisdiction to decide the motion for a reasonable time beyond that period. The 60 day rule adopted here should provide ample time for the defendant to frame and file his motion, and the remaining 60 days should be more than sufficient to allow the district court to consider and pass on that motion.[5]

Our holding in no way implies that motions submitted after 60 days should not be entertained. We are confident that district court judges will make every effort to rule on such motions within the 120 day period. We merely rule that in such circumstances, the movant risks the possibility that the court will fail to rule on the motion within 120 days and thereafter lose jurisdiction. Moreover, we do not intend to draw a hard and fast rule and do not foreclose the possibility that in some cases special circumstances might exist which would allow the district court to retain jurisdiction after 120 days to rule on a motion filed after 60 days. *Cf., United States v. Fallen, supra; United States v. Mehrtens,* 494 F.2d 1172 (5th Cir.), *cert. denied,* 419 U.S. 900, 95 S.Ct. 182, 42 L.Ed.2d 145 (1974).

## CONCLUSION

Perhaps because the subject matter of this case has inspired an abundance of caution in stating our conclusions, we reiterate what we have held here today. First, if the

---

**5.** Neither the language of the 1966 amendment to Rule 35 nor the circumstances surrounding its adoption support the assertion that 120 days was intended as a filing period. We fully agree with the statement in Judge Wyzanski's concurring opinion that the drafters of the amended version of Rule 35 were familiar with those cases interpreting the 60 day requirement of the old rule to be a filing requirement rather than a limitation on the district court's jurisdiction. We disagree with Judge Wyzanski, however, as to the inferences that should be drawn from the drafter's familiarity with the case law. The Advisory Committee Note relied on by Judge Wyzanski and quoted in footnote one of this opinion explicitly stated that the amendment was designed to "increase the time within which the court *may act*" to 120 days. The Advisory Committee recognized that the 60 day period in the old rule was too short, but instead of adopting the approach utilized by the courts, the drafters chose to deal with the problem by extending the jurisdictional period to 120 days. The drafters could have easily adopted a 120 day filing period, and as Judge Wyzanski points out, such an approach was suggested by James Moore, one of the leading authorities in the field, only a year before the amendment. See 8A J. Moore, Federal Practice 35.02[a] (2d ed. 1965) ("The present language of the Rule . . . should be rephrased to permit the court to act upon a motion of defendant as long as it is made within the period.") But apparently the drafters concern that sentence reduction motions be decided within a definite period, as well as their belief that the new 120 day period would constitute a sufficient remedy for the problem, caused them to reject the approach suggested by Professor Moore and advocated in the concurring opinion. Certainly the language of the amended rule—"The court *may reduce* a sentence within 120 days . . . ."—suggests that the drafters rejected Professor Moore's advice.

This being the case, we believe that our approach is more consistent with the intent of the drafters, and hence less "legislative," than that adopted by the concurring opinion. As our opinion points out, by using 60 days as a filing period which triggers jurisdiction beyond 120 days, we are able to maintain the integrity of the rule's use of 120 days as the disposition time.

defendant files his motion within 60 days, the district court may retain jurisdiction for a reasonable time after the expiration 120 days in those rare circumstances in which it is unable to decide the motion within the 120 day period. Motions submitted after 60 days are not precluded from consideration, and the district court should make every attempt to rule on them within the 120 day period. Finally, we leave open the possibility that in some cases exceptional circumstances might exist which would justify the court's retaining jurisdiction beyond 120 days even though the motion was filed after 60 days.

In the case at bar, the defendant's Rule 35 motion was filed within the 60 day period. The district court therefore should have retained jurisdiction for a sufficient period of time after the expiration of the 120 day period to pass on the motion. We reverse the district court's order denying the defendant's motion because of a lack of jurisdiction and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

WYZANSKI, Senior District Judge, concurring.

This case raises only one issue: whether a District Court has power under Rule 35 of the Federal Rules of Criminal Procedure to reduce a sentence when more than 120 days had elapsed since it received from the appellate court a mandate affirming the judgment against defendant, although only 50 days had elapsed when the sentenced defendant filed an appropriate motion for reduction, and the District Court's delay in action was due to circumstances beyond defendant's control.

The facts of this case are simple. September 7, 1976 the District Court received the mandate of this court affirming the judgment of conviction and the sentence of defendant. Fifty days later, October 27, 1976, defendant filed a motion with the District Court for reduction of his sentence. The District Judge failed to act within 120 days of September 7, 1976, that is, by January 5, 1977. January 31, 1977 the District Judge filed an order denying the motion. Therein he stated that the delay was "Due to a variety of circumstances beyond the Defendant's control;" that those circumstances were that the probation office did not complete its report until late December, and that "in dealing with a particularly heavy trial schedule during this period, the Court simply did not act within" 120 days; and that the court "felt constrained by the language and apparent intent of Rule 35" to deny defendant's motion but "If this Court had the jurisdiction to act on Defendant's motion for reduction of sentence, it would grant a reduction."

So far as here material, Amended Rule 35, effective July 1, 1966, provides that:

. . . "The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal."

Except for the substitution of the number 120 for the number 60 in the two places where it occurs, Amended Rule 35 is precisely the same as Rule 35 was from the time it became effective on March 21, 1946. See 327 U.S. 856. In its Note explaining the change from 60 to 120, the Advisory Committee on Rules of Criminal Procedure, (see United States Code Annotated Title 18, Rule 35, p. 344) stated that:

The second sentence has been amended to increase the time within which the court may act from 60 days to 120 days. The 60-day period is frequently too short to enable the defendant to obtain and file the evidence, information and argument to support a reduction in sentence. Especially where a defendant has been committed to an institution at a distance from the sentencing court, the delays involved in institutional mail inspection procedures and the time required to contact relatives, friends and counsel may result in the 60-day period passing before the court is able to consider the case.

In asserting that the 60-day period allowed in the original Rule 35 was intended "to enable the defendant to obtain and file the evidence," but that "the 60-day period was frequently too short," the experienced judges, practitioners, and professors who

constituted the Advisory Committee showed that they were familiar with, and approved, the prevailing judicial view that in its original form, and despite the letter of its text, Rule 35 permitted a court to act upon a defendant's motion filed at any time within the 60-day period. This construction of old Rule 35 was implicit in pre-1966 cases such as Judge Hutcheson's opinion written for this court in *Johnson v. United States*, 5th Cir., 235 F.2d 459, 461, as well as in *Dodge v. Bennett*, 1st Cir., 335 F.2d 657 (1964).

The year before Rule 35 was amended the situation was correctly summarized by a leading authority, James William Moore, in Moore's *Federal Practice* (2d ed., 1965) Vol. 8A, par. 35.02[a] in the following words:

It should be noted that the period is not defined as the time within which the motion may be made, but is rather the time within which the *court may act*. Technically, this permits the court's failure to act upon a motion to preclude relief. The present language of the Rule is satisfactory as a limitation upon the court's power to act *sua sponte*, but it should be rephrased to permit the court to act upon a motion of defendant as long as it is made within the period. Despite the deficiency in the Rule, however, it appears that the latter interpretation is followed by most courts, and acquiesced in by most prosecutors, as a matter of salutary practice. (Emphasis in original.)

The year after the amendment became effective, but in a case involving Rule 35 as it stood originally, Judge Hamley, in *Leyvas v. United States*, 9th Cir. 1967, 371 F.2d 714, 719, correctly observed that:

While Rule 35 states that the court may reduce a sentence "within 60 days," the rule generally has been interpreted as relating that time period to the filing of a motion for such relief. See *Dodge v. Bennett*, 1 Cir., 335 F.2d 657; *United States v. Koneski*, 4 Cir., 323 F.2d 862; *Johnson v. United States*, 5 Cir., 235 F.2d 459, 461.

The Note of the Advisory Committee adopting the settled interpretation of original Rule 35 should govern the interpretation of Amended Rule 35 which uses, except for numbers, precisely the same text. In other words, Amended Rule 35, despite what it seems to say, gives a District Court continuing jurisdiction of any motion filed by defendant within the prescribed 120 days.

A contrary interpretation, based upon the letter of Rule 35, would be most unjust to a diligent defendant whose motion had been left without action by an absent, or inattentive, or overburdened, or otherwise preoccupied judge. It would turn a rule designed to serve the needs of convicts into a device for reducing the jurisdiction and work load of judges.

Our pride in our calling as judges ought not to blind us to the risks incurred by those whose cases come before the less alert, diligent, and conscientious of our brethren,—or even before us when we are not performing at our highest levels.

We regard a construction of Rule 35 which permits the District Court to pass at any time upon a motion filed by defendant within any part of the 120-day period as nothing but the converse of the "familiar rule" of construction that "a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers." *Church of Holy Trinity v. United States*, 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892). Cf. *United States v. American Trucking Associations, Inc.*, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940); *Connell Construction Co., Inc. v. Plumbers & Steamfitters Local Union No. 100 et al.*, 421 U.S. 616, 628, 95 S.Ct. 1830, 44 L.Ed.2d 418 (1975); *Philbrook v. Glodgett*, 421 U.S. 707, 714, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975); *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 849, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975); *Muniz v. Hoffman*, 422 U.S. 454, 469, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975). The case at bar is one where a thing is not within the letter of the rule and yet within the rule, because within its spirit and within the intention of its makers.

Our liberal interpretation of Rule 35 is in accord with the weight of authority. *United States v. Stollings*, 4th Cir., 516 F.2d 1287 (1975); *United States v. United States*

District Court, 9th Cir., 509 F.2d 1352 (1975); *United States v. Janiec,* 3rd Cir., 505 F.2d 983 (1974); *United States v. Ourso,* E.D.La., 417 F.Supp. 113 (1976).

There is no justification for the opinion of the majority of this panel laying down prospectively a legislative limitation which would leave a future defendant who filed his Rule 35 motion after 60 but before 120 days without an absolute right to have a judge pass upon that motion.

We have no authority to legislate. We may, of course, construe a rule, but the majority's suggested limitation is bold-faced legislation not construction.

The majority's suggestion contradicts the explicit intent of the rulemakers as shown in the Note of the Advisory Committee.

The majority's proposal lacks any support in this or any other circuit, and there is no reason to suppose that it carries any particular weight when it comes from a mere panel of a multi-judge circuit.

The majority itself confesses that its proposal is inadequate to cover all cases. No reasonable judge would apply the main directive of the proposal but would rely upon its exceptions, were he faced with a case where a convict filed on the 61st day, and the motion lay unacted upon because on the 62nd day the judge before whom it was filed died, or went on a vacation, or became occupied in a lengthy antitrust case, or could not make up his mind quickly.

In short, defendant in this case has proceeded with the diligence prescribed to invoke the jurisdiction of the District Court, and defendant is entitled to have his motion decided on its merits. Nor should we legislatively preclude future defendants who file Rule 35 motions within the prescribed 120 days.

ON PETITION FOR REHEARING AND PETITION FOR RE-HEARING EN BANC

Before BROWN, Chief Judge, THORN-BERRY, COLEMAN, GOLDBERG, AINS-WORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, and VANCE, Circuit Judges.

BY THE COURT:

A majority of the Judges in active service, on the Court's own motion, having determined to have this case reheard en banc,

IT IS ORDERED that this cause shall be reheard by the Court en banc on briefs without oral argument. The Clerk will specify a briefing schedule for the filing of supplemental briefs.