**UNITED STATES of America,
Appellant,**

v.

**Alan H. SCHAFER, Appellee.**

**No. 83–6119.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 2, 1983.

Decided Jan. 26, 1984.

Rehearing and Rehearing En Banc
Denied March 5, 1984.

■

---

**156**

Michael A. Stover, U.S. Parole Com'n, U.S. Dept. of Justice, Bethesda, Md. (Craig Donsanto, Nancy Stewart, Public Integrity Section, Crim. Div., U.S. Dept. of Justice; Henry Dargan McMaster, U.S. Atty., Columbia, S.C., Joseph A. Barry, Gen. Counsel, U.S. Parole Com'n, Washington, D.C., U.S. Dept. of Justice on brief), for appellant.

Charles Porter, Columbia, S.C. (Jane W. Trinkley, McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble, P.A., Columbia, S.C., on brief), for appellee.

Before WIDENER, HALL and SPROUSE, Circuit Judges.

K.K. HALL, Circuit Judge:

The United States appeals from a district court order reducing Alan H. Schafer's sentence from imprisonment of three years and six months to one year. We conclude that the district court was without jurisdiction to enter this order. We, therefore, vacate the order and remand the case with instructions to reinstate the original sentence.

I.

In June, 1980, Schafer was charged in a seventeen count indictment for bribing voters and submitting false and fraudulent absentee ballots through the mails during an election in Dillon County, South Carolina. Schafer pleaded guilty to one count of conspiracy, under 18 U.S.C. § 371, and two counts of mail fraud, under 18 U.S.C. § 1341. The remaining counts were dismissed.

On November 24, 1981, the district court fined Schafer $12,000 and sentenced him to three years and six months imprisonment. Schafer began serving his sentence on December 14, 1981. Later, on February 19, 1982, the United States Parole Commission issued a notice that Schafer would be required to serve eighteen months before he would be eligible for parole. Although Schafer's parole date could have been set as early as ten months, the Commission was swayed by his leadership role in the offense.

One hundred fifteen days after sentencing, on March 19, 1982, Schafer moved for reduction of sentence pursuant to Fed.R. Crim.P. 35(b). On April 28, after the 120-day limit in which the court may act on such a motion had expired, the court scheduled a hearing for May 14, 1982, and asked counsel to consider whether it was "appropriate for the Court to [reduce a sentence] merely because it may disagree with the Parole Commission's ruling on the presumptive parole date." The Government filed a response to Schafer's motion, arguing that "actions taken by the U.S. Parole Commission, which may not be in accord with the

trial judge's expectations at the time of sentencing, do not provide a basis for collateral attack." At the hearing, the court abstained from ruling on Schafer's motion because of his "pending ... appeal ... from a presumptive parole date decision." The Parole Commission affirmed its presumptive parole decision of eighteen months on August 3, 1982.

The district court then entered an order reducing Schafer's sentence to one year. As a consequence of the court's order, Schafer was relieved from serving the six months remaining until his parole date. The court found that its delay in ruling on Schafer's motion was "reasonable" because a sentence reduction was needed to correct an "obvious unjust practice of the Parole Commission." [1] This appeal by the Government followed.

## II.

On appeal, the Government contends that the district court lost jurisdiction over the motion at issue when it delayed consideration of the motion until after the 120-day deadline in order to review the Parole Commission's decision. Additionally, the Government argues that the appropriate remedy in this case is to order reinstatement of the district court's original sentence. We agree with both of the Government's contentions.

Rule 35(b) states, in pertinent part, that "[t]he court may reduce a sentence within 120 days after the sentence is imposed,..." On its face the rule limits the time within which the trial court has power to act, however, this circuit and other circuits that have considered the issue have not applied the rule in a mechanical fashion. *United States v. Kajevic,* 711 F.2d 767 (7th Cir. 1983); *United States v. Krohn,* 700 F.2d 1033 (5th Cir.1983); *United States v. Stollings,* 516 F.2d 1287 (4th Cir.1975).

In *Stollings,* the Fourth Circuit recognized that it is sometimes impractical for a judge to act within the 120-day period. In that case, upon missing the Rule 35(b) deadline by three days, the trial judge declined to rule on the defendant's motion because he believed he had lost jurisdiction. On appeal, this Court held that where delay is based upon reasonable grounds, a district judge may properly retain jurisdiction over a timely filed motion for reduction of sentence.

In *Stollings,* however, Judge Haynsworth specifically warned that the time limitation of Rule 35(b) has "as its dual purpose the protection of the district court from continuing and successive importunities and to assure that the district court's power to reduce a sentence will not be misused as a substitute for the consideration of parole by the Parole Board." 516 F.2d at 1289. Likewise, in *United States v. Mendoza,* 565 F.2d 1285 (5th Cir.1978), the Fifth Circuit noted that limiting the retention of Rule 35 jurisdiction to a reasonable time "should prevent the possibility, however remote, of a district court usurping the function of the Parole Board...." *Id.* at 1291. Most recently, in *United States v. Kajevic,* 711 F.2d at 767, the Seventh Circuit held that "[w]hen a district judge delays action on a Rule 35(b) motion till long after the expiration of the 120 days, for the purpose or with the likely effect of assuming the function of the parole authorities, his delay is unreasonable." *Id.* 772. *See also United States v. Krohn,* 700 F.2d at 1033 (holding district court's ten-month delay in reducing defendant's sentence was reasonable because court did not deliberately or effectively intervene in matters committed to authority or Parole Commission).

In this case, the trial judge purposely delayed consideration of the motion before him until seven months after the deadline in order to review the Parole Commission's decision. As the trial judge conceded in the order reducing Schafer's sentence, the ultimate reason for the delay was that he disa-

---

1. Schafer suggests that the Parole Commission's brief reference to a dismissed obstruction of justice charge was the reason the Commission extended his parole date. The Commission only mentioned this charge, however, in the context of stressing Schafer's leadership role in the offense. Thus, the charge is not relevant to our consideration of the case.

greed with the Parole Commission's decision. Under these circumstances, we can only conclude that the delay was unreasonable and the court was without jurisdiction.

Lastly, the Government argues that the appropriate remedy in this case is to order reinstatement of the district court's original sentence. We agree. The trial judge was without jurisdiction to reduce Schafer's sentence. We, therefore, hold that reinstatement of the original sentence is an appropriate remedy.

### III.

For the foregoing reasons, the judgment of the district court is vacated, and this case is remanded for reinstatement of the district court's original sentence.

REVERSED AND REMANDED WITH INSTRUCTIONS.