**UNITED STATES of America,
Plaintiff,**

v.

**Vincente RAMIREZ, Defendant.**

**No. SA–73–CR–241.**

United States District Court,
W. D. Texas,
San Antonio Division.

Oct. 23, 1974.

John M. Pinckney, III, First Asst. U. S. Atty., Western District of Texas, San Antonio, Tex., for the United States.

Jack Paul Leon, San Antonio, Tex., for Vincente Ramirez.

## ORDERS ISSUED PURSUANT TO THE PRETRIAL HEARING

SUTTLE, District Judge.

On October 18, 1974, the parties in this case came before the Court for the purpose of holding a pretrial conference pursuant to the provisions of Rule 17.1 of the Federal Rules of Criminal Procedure.

The defendant, Vincente Ramirez, has been charged in a two count indictment with illegally receiving firearms in interstate commerce. 18 U.S.C. App. § 1202(a). He has been charged in one count of the indictment with illegally receiving a .380 caliber pistol and in count two of the indictment with illegally receiving a .25 caliber pistol. At the pretrial hearing, defendant presented a number of motions which have been ruled upon by this Court:

1. Defendant moves to dismiss the indictment alleging that the statute under which the indictment is brought (18 U.S.C. App. § 1202) is unconstitutional. As grounds for this allegation, defendant contends that: (a) Congress has no rational basis in legislating the statute because the connection between the nature of the offense and interstate commerce is too remote; (b) the statute is violative of due process because it is dependent upon various inconsistent state statutory definitions of a "felony", and

is thus inconsistent in its application between states; and (c) the statute violates due process because it does not require that the person from whom the prohibited firearm was received be identified.

■■■ The Court denies defendant's motion to dismiss because the constitutionality of 18 U.S.C. App. § 1202(a) is well established. The connection between interstate commerce and possession of firearms by previously convicted felons is both open and obvious, and has been recognized by the courts on numerous occasions. The establishment of a nexus between the two is an element of the proof required for a valid conviction. *United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). It has also been clearly established that due process and equal protection do not require that statutes be nationally uniform in their application among all states. *United States v. Burton,* 475 F. 2d 469 (8th Cir. 1973) *cert. denied* 414 U.S. 835, 94 S.Ct. 178, 38 L.Ed.2d 70 (1973). Courts have also rejected the argument that "receipt" statutes require that the identity of the transferor be disclosed as an element of the government's proof. Failure to allege or prove the identity of the weapon's previous owner is immaterial to the proof of the offense except as it goes to the establishment of the required nexus with interstate commerce. *United States v. Ruffin,* 490 F.2d 557 (8th Cir. 1974); *United States v. Lupino,* 480 F.2d 720 (8th Cir. 1973); *United States v. Craven,* 478 F.2d 1329 (6th Cir. 1973).

2. Defendant filed a second motion to dismiss alleging that the case before the Court is barred by res judicata or collateral estoppel. Based upon the evidence presented, the defendant was charged by the state with illegal possession of the same two pistols which form the basis of the federal violation. At his state trial, however, one of the pistols was suppressed and the case based on the other pistol was dismissed. The defendant contends that this Court must abide by the state court rulings in respect to the admissibility of the pistols on the basis of res judicata.

■■■ It is clear that the doctrine of res judicata is embodied in the double jeopardy clause of the Fifth Amendment and therefore is applicable in criminal cases. See *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and *Sealfon v. United States,* 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948). Thus, under the common definition of the term, a matter adjudged in one criminal case is deemed similarly adjudged in all subsequent cases. The question raised is whether this is true even though different sovereigns prosecute the initial and subsequent cases.

■■■ In *United States v. Lanza,* 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922), Justice Taft, in holding that a defendant may be prosecuted by a state and federal government, commented upon the differences between the two:

We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory. . . . Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other.

*Id.* at 382, 43 S.Ct. at 142. And *see Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). Even though a state and the federal government may prosecute a defendant, it is clear that such prosecutions are not the same. They are independent. And because they are independent, one sovereign should not be bound by the evidence or the strategy of the other. *See* in a civil context, *Blonder-Tongue v. University Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Thus, in *Serio v. United States,* 203 F.2d 576 (5th Cir. 1953), the United States Court of Appeals for the Fifth Circuit noted:

While the same facts can not be twice litigated by the same sovereign

against the same defendant, that principle is inapplicable where, as here, the subsequent prosecution is by another sovereign who was not a party to the first.

*Id.* at 578. It is clear, therefore, that although a state and the federal government may prosecute a defendant, res judicata cannot bind one to the trial of the other. Accordingly, this Court determines that it is not bound by the state court ruling as to the admissibility of the two guns, and defendant's motion to dismiss based upon res judicata is hereby denied.

■■■ 3. In his third motion, defendant moves to suppress the introduction of the two pistols on the grounds that they were unconstitutionally seized by state police pursuant to illegal arrests lacking probable cause. After reviewing the evidence presented by the parties, as well as the record in this case the Court has determined that a reasonable man, standing in the shoes of the arresting officer, would have believed that an offense had been committed and that the defendant had committed it, and, therefore, the criteria of *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543 (1925) has been conclusively established. The weapons seized by the officer are admissible as products obtained pursuant to a lawful arrest. Accordingly, defendant's motion to suppress is hereby DENIED.

■■■ 4. Defendant files a motion to suppress evidence of a photographic identification which was made in the absence of defendant's counsel. Without hearing either evidence or argument on this issue, the Court DENIES defendant's motion since the government has stipulated that such evidence will not be used during the trial on the merits. Should such evidence be introduced during the trial, the Court will again entertain a motion to suppress.

■■■ 5. Finally, defendant seeks to suppress an oral statement made in the presence of his counsel and an ATF agent during defendant's photographing and fingerprinting. Although the underlying facts are strongly contested, based upon the evidence presented and the credibility of the witnesses, the Court finds that there was a prior agreement between the witnessing agent and defendant's counsel to the effect that any remarks made by the defendant during his routine processing would not later be used against him. That pursuant to this agreement, defendant's statement was neither voluntarily given, nor were his Fifth Amendment rights knowingly waived, and therefore, the oral statement in question is not admissible. Accordingly, defendant's motion to suppress this statement is granted.

It is so ordered.