UNITED STATES of America, Plaintiff-Appellee,

v.

Larry Don COUNTER, Defendant-Appellant.

No. 81–1228

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1981.

---

Larry Don Counter, pro se.

Paul Coggins, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

Pursuant to a plea bargain arranged with the government, appellant Larry Don Counter pled guilty to use of a communication facility in furthering a drug offense and conspiracy in violation of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 843(b), 846.[1]

1. Counter and 20 others were indicted for conspiracy to violate federal drug laws under 21 U.S.C. § 846 in connection with a heroin capsule distribution scheme in the vicinity of Dallas, Texas. Counter figured prominently in the scheme and was also indicted on five counts of distribution of heroin, one count of possession of heroin with intent to distribute, and one count of aiding and abetting the distribution of heroin by another, all in violation of 21 U.S.C. § 841(a)(1).

Pursuant to the plea bargain agreement, Counter was charged by criminal information and pled guilty to using a communication facility to commit federal drug offenses, a violation of 21 U.S.C. § 843(b).

Counter was sentenced to consecutive prison terms of fifteen years for participating in the conspiracy and four years for misusing a communication facility, followed by special parole terms. Once incarcerated, he began a series of pro se motions to modify his sentence under Rule 35 of the Federal Rules of Criminal Procedure.[2] The most recent of these motions urged that his sentence be reduced to parallel a less severe sentence received by a co-conspirator and that the consecutive sentences imposed subjected him to unconstitutional double jeopardy. The district court denied the motion, and we affirm.[3]

■■■ Rule 35 requires that motions to reduce a legal sentence be made within 120 days after sentence is imposed. The 120 day time limit is jurisdictional and may not be extended by the district court. *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) (dictum); *United States v. Gonzalez-Perez*, 629 F.2d 1081, 1083 (5th Cir. 1980); Fed.R. Crim.P. 45(b). *Accord, United States v. Inendino*, 655 F.2d 108, 109 (7th Cir. 1981); *United States v. Smith*, 650 F.2d 206, 208 (9th Cir. 1981); *United States v. Dansker*, 581 F.2d 69, 72 (3rd Cir. 1978). Its dual purpose is to allocate responsibility for disposition of an offender between the sentencing court and parole authorities and to protect courts against "continuing and successive importunities by the defendant." *United States v. Mendoza*, 565 F.2d 1285, 1290 (5th Cir. 1978) *modified en banc* 581 F.2d 89 (5th Cir. 1978).[4]

**2.** Fed.R.Crim.P. 35 provides, in pertinent part:

(a) Correction of Sentence—The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) Reduction of Sentence—The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. . . .

**3.** The district court partly granted an earlier Rule 35 motion by Counter, deleting the special

■■■ The district court pronounced sentence in Counter's case on September 21, 1979. The motion at issue in this appeal was filed on April 7, 1981, long after the expiration of the 120 day period. Although Counter asserted grounds for relief in the April 7 motion that he had advanced in earlier timely motions, his April 7 motion does not relate back in time to these motions. *United States v. Inendino, supra*, 655 F.2d at 110; *United States v. Hetrick*, 644 F.2d 752, 756 (9th Cir. 1980). The district court therefore properly dismissed Counter's motion for want of jurisdiction to the extent that it sought reduction of his lawfully imposed sentence.

■■■ Since Rule 35 specifies that motions to correct illegal sentences may be raised at any time, the district court had jurisdiction to consider the merits of Counter's claim that the consecutive sentences he received violate the double jeopardy clause of the fifth amendment. The essence of Counter's attack is that the crime of using a communication facility in committing a drug offense, § 843(b), is a lesser included offense of the conspiracy proscribed by § 846. Thus, he argues, the two offenses are the same for purposes of double jeopardy protection and the imposition of consecutive sentences falls within the prohibition of multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

■■■■ As the Supreme Court explained in *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct.

parole term from his sentence under the drug conspiracy statute, 21 U.S.C. § 846 in compliance with *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 505 (1980).

**4.** *Mendoza* clarified an ambiguity in Rule 35 regarding timely filed motions not considered within 120 days. Modifying the panel opinion, this court held en banc that a district court retains jurisdiction beyond the 120 day period to rule on a motion to reduce sentence "for a reasonable time after the expiration of 120 days in those rare circumstances in which it is unable to decide the motion within the 120 day period." *Id.* at 90; *accord United States v. Smith, supra*, 650 F.2d at 209.

2221, 2225, 53 L.Ed.2d 187 (1977), "where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishment for the same offense." The Court recently reaffirmed in *Albernaz v. United States,* 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981) that the rule of construction announced in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) should be applied to determine whether Congress intended that two statutory offenses be punished cumulatively.[5] *Blockburger* ruled that "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. at 182. Section 843(b) requires proof of knowing use of a communication facility to further a drug offense. *United States v. Rey,* 641 F.2d 222, 224 n.6 (5th Cir. 1981). Such proof is not required to sustain a § 846 conspiracy charge; in fact, no proof of any overt act is required. *United States v. Marx,* 635 F.2d 436, 439 (5th Cir. 1981); *United States v. Lee,* 622 F.2d 787, 790 (5th Cir. 1980). Each statute requires proof of facts which the other does not. Accordingly, the district court properly dismissed Counter's double jeopardy challenge.

AFFIRMED.

---

**5.** The *Blockburger* rule does not control in the presence of a clear indication of contrary legislative intent. *Albernaz v. United States, supra,* 450 U.S. at 343, 101 S.Ct. at 1143; *Whalen v. United States,* 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980). No evidence of a contrary intent has been raised here.