UNITED STATES of America,
Plaintiff-Appellee,

v.

Bill Neal TAPP, Defendant-Appellant.

No. 86–1539
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1987.

**178**

Frank D. Wright, Dallas, Tex. (court-appointed), for defendant-appellant.

Helen M. Eversberg, U.S. Atty., Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., Joel M. Gershowitz, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

POLITZ, Circuit Judge:

Bill Neal Tapp appeals his jury convictions for embezzlement or misapplication by a bank officer or employee, and for the making of false entries and reports, 18 U.S.C. §§ 656, 1005, contending that the trial court erred in refusing to either quash the indictment or suppress evidence. Finding no error, we affirm.

### Facts

The record reflects the following factual scenario. On three separate occasions, Tapp, then president of Bank of the West, Odessa, Texas, was interviewed by agents of the Federal Bureau of Investigation. Prior to the first interview on January 24, 1985, FBI agent Scott French told Tapp's attorney that Tapp was not a target of the investigation. Counsel advised Tapp to cooperate. Tapp complied. The interview concerned the activities of a third party. Five months later the investigation turned towards Tapp. Later, in October, a second interview was scheduled in the office of Tapp's attorney, but Tapp inadvertently missed the meeting. The agent did not inform Tapp's attorney that the focus of the investigation had changed since the January interview. In fact, the agent represented the contrary in response to an inquiry by Tapp's attorney.

Two more interviews took place, one in November 1985 in Midland and the other in Dallas in February 1986. Before each, Tapp was given *Miranda* warnings and signed a written waiver of his rights. In neither instance, other than the message implicit in the giving and waiving of his *Miranda* rights, was Tapp or his attorney informed by agent James Burris that Tapp had become a target. Towards the end of the third interview Burris informed Tapp that he had "problems." Burris then made coercive statements, raising the spectre of jail for 100 years if Tapp failed to follow a suggested course of action.

After the last interview, the grand jury returned a 13–count indictment against Tapp. Tapp moved to quash the indictment or, alternatively, to suppress evidence obtained during or as a result of the last two interviews. The district court denied the motion, noting that Tapp had waived his rights. At trial, the government sagely decided not to use any statement made by Tapp to agent Burris. There was no defense objection to any evidence offered as being "tainted fruit." The jury convicted Tapp on 10 of the 13 counts.

### Analysis

Citing the fifth amendment, Tapp contends that the district court should have suppressed the statements he made in the November and February interviews, as well as any evidence resulting therefrom. Tapp maintains that his statements were not free and voluntary because he did not then know that he was a target of the investigation.

In a very recent decision revisiting the *Miranda* opinion, the Supreme Court reminded that a suspect may validly waive his *Miranda* protections provided the relinquishment is "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or

deception" and "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine,* —— U.S. ——, ——, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410, 421 (1986). *See also United States v. McClure,* 786 F.2d 1286 (5th Cir.1986). Tapp contends that he considered the interviews in November 1985 and February 1986 to be continuations of the January 1985 discussions with agent French. The first interview was neither preceded by the giving of the *Miranda* warnings nor the waiver thereof, as were the last two. Tapp makes no claim that he was told that he would never become a target of the investigation. The record shows only that in January 1985 agent French stated that Tapp was not then a target of the investigation. There is nothing in the record to indicate that this was not a truthful representation when made. Further, whereas the first interview did not entail matters directly involving Tapp's activities, the last two did. Following immediately upon the waiver of *Miranda* rights, this should have alerted Tapp.

■ Based on these facts, we are not persuaded that the district court erred in finding that Tapp was aware of the nature of his rights and the consequences of waiving them, nor did the court err in concluding that the waiver was voluntary. *See United States v. Saimiento-Rozo,* 676 F.2d 146 (5th Cir.1982) (issue of voluntariness a question of law). Although the action of agent Burris in failing to give Tapp a potential-defendant warning, particularly after incorrectly telling Tapp's counsel that Tapp was not a target, is "objectionable as a matter of ethics," *Moran,* —— U.S. at ——, 106 S.Ct. at 1142, 89 L.Ed.2d at 422, that failure did not render Tapp's statements constitutionally involuntary. Tapp's reliance on *United States v. Ramirez,* 404 F.Supp. 273 (W.D.Tex.1974), *aff'd,* 532 F.2d 1054 (5th Cir.1975), *cert. denied,* 424 U.S. 966, 96 S.Ct. 1460, 47 L.Ed.2d 732 (1976), is misplaced for in that case the defendant was told that his statements would not be used against him. The waiver signed by Tapp acknowledged that his statements could be used against him.

■ Tapp further argues that the indictment should have been quashed because of the coercive statements of agent Burris. Assuming, without accepting, that the agent's coercive comments caused Tapp to confess involuntarily, the remedy would not be to quash the indictment, *United States v. Washington,* 431 U.S. 181, 97 S.Ct. 1814, 52 L.Ed.2d 238 (1977), but to suppress the evidence, *United States v. Blue,* 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966). Those statements were not introduced at trial and there is no showing that any fruit of the poisoned tree was admitted into evidence. Thus, the trial court did not err in refusing to quash the indictment or in refusing to suppress the unused statements.

■ Finally, we find no merit in Tapp's sixth amendment claim of right to counsel. That right attaches at the first formal adversary proceedings. The FBI interviews do not constitute such proceedings. *See, e.g., Moran; United States v. Fortna,* 796 F.2d 724 (5th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 437, 93 L.Ed.2d 386 (1986).

AFFIRMED.