**In re UNITED STATES of America, Petitioner.**

On Petition for Writ of Mandamas

**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Ricky Lan JUMPER, Defendant–Appellee.**

Nos. 89–1831, 89–1208.

United States Court of Appeals, Fifth Circuit.

April 26, 1990.

LeRoy Morgan Jahn, James K. Blankinship, Philip E. Police, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for the U.S.

Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., for Bill Neal Tapp.

Bill Neal Tapp, Arlington, Tex., pro se.

Andrew Harper Estes, Lynch, Chappell (Court-appointed), Midland, Tex., for Ricky Lan Jumper.

Ricky Lan Jumper, Big Spring, Tex., pro se.

Before REAVLEY, JONES and DUHÉ, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Years after he had sentenced each of these defendants to imprisonment for bank fraud crimes, the district court apparently had second thoughts and issued orders reducing their sentences to time served and

freeing them from jail. The government seeks review of these actions by appeal or, alternatively, mandamus.[1] In our circuit, mandamus is the appropriate remedy. Because the district court utterly lacked jurisdiction to reduce its criminal sentences after the period contemplated by Fed.R. Crim.P. 35 had expired, we must grant the writ.[2]

The pertinent background information for these cases is brief. Ricky Lan Jumper pleaded guilty to various bank fraud offenses in 1987. On June 11, 1987 he was sentenced to five years imprisonment. On September 28, 1987, Jumper sent a letter to Judge Bunton requesting that his sentence be reduced. Judge Bunton treated the letter as a Rule 35 motion for reduction of sentence and denied relief in a written order dated January 8, 1988. Subsequently, on December 12, 1988, Jumper's mother wrote a letter to Judge Bunton asking for "mercy". Purporting to grant a motion for reduction of sentence, Judge Bunton signed an order reducing Jumper's sentence to time served plus one month on February 8, 1989.

Bill Neal Tapp was also convicted of bank fraud offenses. He received ten consecutive two-year sentences on July 16, 1986. Tapp appealed, and his conviction and sentence were affirmed by this court. *United States v. Tapp*, 812 F.2d 177 (5th Cir.1987). On March 13, 1987, the district court received this court's mandate. About one month later, Tapp's attorney filed a Rule 35 motion for reduction of sentence. This motion was followed by a June 17 letter from Tapp himself to Judge Bunton asking that his sentence be modified.[3] The June 17 letter was not docketed by the district court. On August 6, 1987, the district court denied Tapp's plea for a reduced sentence. However, twenty months later the court, apparently acting *sua sponte*, reduced Tapp's sentence to time served as of June 1, 1989.

## I. APPELLATE JURISDICTION

In *United States v. Denson*, 588 F.2d 1112 (5th Cir.1979), a panel of our court, later affirmed by an *en banc* decision, concluded that mandamus is the only vehicle by which the government can seek relief from the district court's imposition of an illegal sentence. *United States v. Denson*, 603 F.2d 1143, 1145 (5th Cir.1979) (*en banc*). The panel construed narrowly the statutory provision permitting the government to appeal in criminal cases. 18 U.S.C. § 3731. It also concluded that neither 28 U.S.C. § 1291 nor the criminal "collateral order doctrine" was available to the government. Other circuits have, over the course of time, disagreed with our court's interpretation of § 3731.[4] Nevertheless, *Denson* suffices to control our jurisdiction, with one problem.

We have subsequently ruled on the merits of an appeal by the government from a judgment reducing a sentence pursuant to Rule 35. *United States v. Krohn*, 700 F.2d

---

1. The United States originally filed both an appeal, No. 89–1475, and a petition for a writ of mandamus, No. 89–1831, seeking review of the reduction of Tapp's sentence. Since mandamus is the appropriate remedy in this case, we dismissed the appeal as moot on April 4, 1990. As to Jumper, the government filed only an appeal, No. 89–1208, but requested mandamus relief in the alternative. We therefore treat the government's appeal as a petition for mandamus.

2. Following oral argument in this case, the panel rendered judgment requiring defendants to return to incarceration, with this opinion to follow.

3. As the government concedes, the pro se letters are valid Rule 35 motions. *United States v. Flores*, 507 F.2d 229, 230 (5th Cir.1975).

4. The ninth and tenth circuits have held that the government may appeal an order reducing a sentence pursuant to § 3731. *United States v. Prescon Corp.*, 695 F.2d 1236 (10th Cir.1982); *United States v. Hetrick*, 644 F.2d 752 (9th Cir. 1980). Other circuits have ruled that the government may appeal such an order pursuant to § 1291. *United States v. De Mier*, 671 F.2d 1200 (8th Cir.1982); *United States v. United States District Court for the Northern District of Ohio*, 645 F.2d 7 (6th Cir.1981); *United States v. Prescon Corp., supra*. The seventh, eleventh, and third circuits agree with ours that mandamus is the appropriate remedy in this case. *United States v. Spilotro*, 884 F.2d 1003 (7th Cir.1989); *United States v. Dean*, 752 F.2d 535 (11th Cir.1985); *United States v. Ferri*, 686 F.2d 147 (3rd Cir.1982), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983).

1033 (5th Cir.1983). Although *Krohn* comports with the law of other circuits and their arguably better reading of the Supreme Court's decisions interpreting § 3731, it did not explicitly address the question of jurisdiction. For this reason, and because we are bound by the prior decision of our court when an intra-circuit conflict in precedent exists,[5] we must disregard *Krohn* as a basis for asserting general appellate jurisdiction in these cases.

Consequently, mandamus is the government's remedy, and that remedy has been granted "almost as a matter of right" to correct illegal sentences. *United States v. Denson*, 603 F.2d 1143, 1147 (5th Cir.1979) (*en banc*).

## II. THE DISTRICT COURT'S JURISDICTION TO REDUCE SENTENCES

■■■ The version of Fed.R.Crim.App. 35(b) applicable in this case [6] provides that:

A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed ... or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment.... The court shall determine the motion within a reasonable time....

The time limit imposed by Rule 35 is jurisdictional. *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242–43, 60 L.Ed.2d 805 (1979); *United States v. Counter*, 661 F.2d 374, 376 (5th Cir.1981). Its purposes are to allocate responsibility for an offender between the district court and the Parole Commission and to protect the court against "continuing and successive

importunities by the defendant." *United States v. Mendoza*, 565 F.2d 1285, 1290 (5th Cir.), *modified*, 581 F.2d 89 (5th Cir. 1978) (*en banc*). Accordingly, the district court is without jurisdiction to reduce a defendant's sentence outside the limits imposed by Rule 35. *Id.*

There is no question that the court lacked jurisdiction under Rule 35 to reduce Tapp's and Jumper's sentences.[7] Both defendants made timely motions to reduce their sentences, i.e., motions filed within 120 days after their convictions became final, but the court promptly denied relief on both motions. Then, months later (in Jumper's case a year and a half later; in Tapp's case twenty months later), the court reduced their sentences. In Tapp's case, apparently acting *sua sponte*, the court entered a "Third Amended Judgment" on April 25, 1989, "nunc pro tunc July 16, 1986" that reduced his sentence to time served as of June 1, 1989. In Jumper's case, on February 8, 1989, the court purported to enter an "Order on Rule 35 Motion" of Ricky Jumper finding the "motion" meritorious and ordering Jumper's release on March 7, 1989. Both orders were clearly outside the 120–day time limit, and there is no way to relate either order back to the requirements of Rule 35.

Tapp suggests, for instance, that because the district court received two timely Rule 35 motions on his behalf, one from him and one from his attorney, the court might have denied the attorney's motion in its first ruling but later chose to grant Tapp's personal letter-motion. The "Third Amended Judgment" does not support

---

5. *See, Wilson v. Taylor*, 658 F.2d 1021, 1035 (5th Cir. Unit B Oct. 1981).

6. This Rule was revised in 1984, but the revisions do not apply to offenses committed, like these, before November 1, 1987. *United States v. Ortega*, 859 F.2d 327, 334 n. 11 (5th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1157, 103 L.Ed.2d 216 (1989).

7. Both defendants assert that we should not reach the merits of this case because the government did not file any motion in the district court asking it to reconsider its orders "commuting" their sentences. The defendants rely

on our recent opinion in *United States v. Garcia–Pillado*, 898 F.2d 36 (5th Cir.1990). That case, a garden-variety application of the rule that we do not ordinarily review issues first raised on appeal, is inapposite. The procedural posture of the district court's orders here was anything but ordinary. Judge Bunton did not seek the government's view on reduction of sentences before he entered his orders, and the government had no advance notice that anything was under consideration by the court. In *Garcia–Pillado*, however, the government had its opportunity to object in open court to the court's sentence of a defendant and simply declined to do so.

Tapp's theory, because it does not refer to any previous pleading in the case. It is, in any event, much more plausible to infer that the district court's denial of Rule 35 relief responded to both pending motions because both motions predated the order. Tapp's speculation fails to anchor Judge Bunton's amended judgment to the strictures of Rule 35.

Jumper contends alternatively that the court was "reconsidering" his timely filed Rule 35 motion or that it responded to the letter from his mother, but applicable law does not sustain jurisdiction on either basis. The filing of a timely motion for reduction of sentence does not extend the jurisdiction of the district court to re-examine or adjust its position *after denying* the motion. *See United States v. Counter,* 661 F.2d at 376. Related to and reinforcing this principle, federal district courts have no jurisdiction to entertain motions for reconsideration of a Rule 35 denial of relief, unless the motion to reconsider is filed within 120 days from the date the conviction became final. Here, there were no timely motions for reconsideration. *United States v. Hetrick,* 644 F.2d 752, 756 (9th Cir.1980); *see also United States v. McIntosh,* 566 F.2d 949, 951 (5th Cir.1978) ("The Federal Rules of Criminal Procedure do not provide for a motion for rehearing from the denial of a Rule 35 motion"). Even if Jumper's mother's letter is construed as a subsequent motion for reduction, it was not filed timely, so the district court had no jurisdiction to grant it. *See United States v. Counter,* 661 F.2d at 376.

Both defendants try to make arguments based on the fact that neither of their letters was file-stamped by the district court on the date it was received (though the date on each letter shows that it was written within the 120-day limit). They contend that without the file stamp we cannot be sure exactly when the district court actually received their letters. This argument is self-defeating: if their letters were not "filed" within the 120-day period, then their motions would not be timely and the court would have lacked any jurisdiction to consider them.

Not only does Rule 35 afford no ground for the district court's action, but it possessed no inherent power to reduce a legal sentence after the 120-day period specified in Rule 35(b) had passed. *See United States v. Henry,* 709 F.2d 298, 306–09 (5th Cir.1983) (*en banc*).

Because the district court lacked jurisdiction to reduce the defendants' sentences after it had once denied their Rule 35 motions and no other Rule 35 motion was filed within the 120-day time limit, we do not reach the question whether the court failed to rule on the motions within a "reasonable" time. *See United States v. Mendoza,* 565 F.2d 1285 (5th Cir.), *modified,* 581 F.2d 89 (5th Cir.1978) (*en banc*).

For the foregoing reasons, we must *GRANT* the Writ of Mandamus, directing the district court to *VACATE* its "Order on Rule 35 Motion" dated February 8, 1989 in the case of appellee Jumper, and its "Third Amended Judgment and Commitment Order" entered April 25, 1989 in the case of appellee Tapp.