958 F.2d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto C. PONCE, Defendant-Appellant.
 No. 89-3272.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 12, 1992.*
Decided March 23, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge**.
 
 ORDER
 
 2
 Appellant ernesto C. Ponce entered a guilty plea to three counts of distribution of cocaine under 18 U.S.C. § 841(a)(1). Accepting the guilty plea, the district court on April 14, 1989 sentenced Mr. Ponce to concurrent terms of ten years of imprisonment and five years of special parole on each count. On September 29, 1989, the district court entered an order declining to consider the defendant's Rule 35 motion for reduction of sentence. After receiving an extension of time, Mr. Ponce filed this appeal.
 
 
 3
 The district court order states briefly that, since the period between defendant's sentence on April 14, 1989 and his September 15, 1989 communication requesting a reduction in sentence encompassed more than 120 days, the court has no jurisdiction to consider the request pursuant to Rule 35(b), Federal Rules of Criminal Procedure.
 
 
 4
 The appellant tells this court that he timely mailed his Rule 35 motion by depositing it in the prison mailbox on August 10, 1989, 119 days after he was sentenced. However, it was returned to him weeks later, envelope obliterated and without a stamp. After searching for someone to type the letter for him, Mr. Ponce again sent the motion, but at that point it was untimely.[1] He asks us to recognize the delay caused by prison authorities and to treat the motion as timely filed.
 
 
 5
 Mr. Ponce's Rule 35 motion was indeed untimely filed in the district court clerk's office. Rule 35(b)[2] explicitly affords only 120 days after sentencing within which to file, and Fed.R.Crim.P. 45(b) forbids the enlargement of that period. United States v. Hill, 826 F.2d 507, 508 (7th Cir.1987). Accord, e.g., In re United States, 900 F.2d 800, 803 (5th Cir.), cert. denied sub nom. Tapp v. United States, 111 S.Ct. 271 (1990); In re United States, 898 F.2d 1485, 1486 (11th Cir.1990) (per curiam). The time period imposed by the procedural rule is jurisdictional and may not be extended. United States v. Addonizio, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242-43, 60 L.Ed.2d 805 (1979).
 
 
 6
 Although late filing automatically leads to the dismissal of a motion, the definition of "filing" in the case of pro se prison inmates has been altered. In Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court held that a pro se prisoner's delivery of an appeal notice to prison authorities for forwarding to the court clerk constituted filing. Id. at 276, 108 S.Ct. at 2385. This policy was established to protect prisoners from the delays caused by prison officials who negligently or intentionally fail to forward a legal paper promptly.[3] Id. See Wilder v. Chairman of Central Classification Board, 926 F.2d 367, 370 (4th Cir.), cert. denied, 112 S.Ct. 109 (1991). The inmate in Houston presented clear evidence of his "delivery": The date on which the inmate's notice was deposited with the prison authorities was recorded in the prison mail log. In the case before us, however, all we are given is Mr. Ponce's assurance that he placed his motion in the prison mail box within the time for filing an appeal. There is no evidence in the record to support his assertion.
 
 
 7
 Nevertheless, the district court order did not take into account the fact that Mr. Ponce was filing his Rule 35 motion pro se. Because we are obliged to construe liberally the pleadings of a litigant incarcerated and acting without the benefit of counsel, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), courts must set aside their desire for efficiency in these circumstances. The timeliness of a pro se inmate's filing must be judged from the time of its delivery to the prison authorities rather than to the court.
 
 
 8
 We find that the district court's summary dismissal of Mr. Ponce's motion without investigation of the date on which he filed his letter with the authorities was improper. For that reason, we REVERSE the court's dismissal for lack of jurisdiction and REMAND this case for the purpose of determining the timeliness of the filing and for any further consideration that may be required.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Appended to the appellant's brief is a copy of the letter he drafted, the one intended to be a Rule 35 motion. It is dated August 6, 1989. The letter filed on September 15, 1989 by the Clerk of the Court was not typed, but was carefully and neatly handwritten in a hand altogether different from Mr. Ponce's. It is not dated. There is no evidence in the record when the letter was posted at the prison
 
 
 [2]
 The version of Rule 35(b) applied to Mr. Ponce's filing is the one in effect prior to the amendment by Pub.L. 98-473. The revision applies to offenses committed after November 1, 1987. Mr. Ponce's last offense occurred on May 15, 1987. See "Rule Applicable to Offenses Committed Prior to Nov. 1, 1987" following subsection (c) of Rule 35
 
 
 [3]
 Houston v. Lack does not apply to prisoners represented by counsel, who need not depend on their custodians for the lodging of timely notices of appeal. United States v. Kimberlin 898 F.2d 1262, 1265 (7th Cir.), cert. denied, 111 S.Ct. 434 (1990)