IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30486
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH L. HART,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 94-CR-30038-3
- - - - - - - - - -

July 13, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kenneth L. Hart appeals the district court's denial of his motion filed pursuant to former Fed. R. Crim. P. 35. Hart contends that the district court erred in determining the amount of restitution owed and in designating the victim.

At any stage of judicial proceedings, federal courts may question, *sua sponte*, whether subject matter jurisdiction is proper. *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999). A

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's holding that it has jurisdiction is a legal determination, which we review *de novo*.  *Id.*

Hart concedes that he did not file his motion within the 120-day period prescribed by former Rule 35.  The time limit imposed by former Rule 35(b) was jurisdictional, and the district court was without authority to extend the period.  *See In re United States*, 900 F.2d 800, 803 (5th Cir. 1990).

Former Rule 35(a) allowed the sentencing court to "correct an illegal sentence at any time."  *United States v. Lopez*, 26 F.3d 512, 517 n.6 (5th Cir. 1994).   An illegal sentence is one that the judgment of conviction does not authorize.  *United States v. Morgan*, 346 U.S. 502, 506 (1954).

Hart, at most, alleges error in his sentence.  He does not request correction of an illegal sentence.  Accordingly, the district court was without jurisdiction to consider Hart's motion.  Hart's appeal is DISMISSED.